IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BEN EMMOLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS AND STATE |
| ILLINOIS DEPARTMENT OF | ) | SUPPLEMENTAL CLAIMS |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |
| | ) | |

## AMENDED COMPLAINT

1. This is an action pursuant to the United States Constitution and the Uniformed Service Members Employment and Reemployment Act ("USERRA"), 38 U.S.C.A. § 4301 et seq., 29 U.S.C.A. § 215(a)(3); and the Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2615(a)(1). This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, Ben Emmole (hereinafter "Plaintiff"), was employed by the Defendant Illinois Department of Corrections (hereinafter "IDOC").

4. At all times herein mentioned, Defendant, IDOC, was and is believed and alleged hereon to be organized, existing, and operating within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

5. The IDOC operates correctional facilities in order to serve justice and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.

6. Plaintiff began his employment with Defendant on June 4, 2012.

7. At all relevant times described herein, Plaintiff was employed in the position of correctional officer. Plaintiff worked in Dixon Correctional Center ("Dixon CC") in Dixon, Illinois.

8. Plaintiff is a current member of the Illinois Air National Guard.

9. As a member of the Illinois Air National Guard, Plaintiff was allowed to take time-off for Military Drill weekends. Plaintiff has military drill weekends that require his attendance on a monthly basis.

10. On December 29, 2015, Plaintiff submitted a notice of absence ("NOA") slip requesting to be excused on January 8 and 9, 2016 for a military drill weekend. Plaintiff requested to use dock time in his NOA slip dated December 29, 2015. Plaintiff's NOA slip dated December 29, 2015 was approved.

11. Plaintiff did not attend military drills on January 8 and 9, 2016 due to personal reasons.

12. On May 25, 2016, Plaintiff submitted a notice of absence ("NOA") slip requesting to be excused on June 3 and 4, 2016 for a military drill weekend. Plaintiff requested to use vacation time in his NOA slip dated May 25, 2016. Plaintiff's NOA slip dated May 25, 2016 was approved.

13. Plaintiff did not attend military drills on June 3 and 4, 2016 due to personal reasons. However, Plaintiff made up the military drills from June 3 and 4, 2016.

14. On November 1, 2016, Plaintiff submitted a notice of absence ("NOA") slip requesting to be excused on November 4 and 5, 2016 for a military drill weekend. Plaintiff requested to use vacation time in his NOA slip dated November 1, 2016. Plaintiff's NOA slip dated November 1, 2016 was approved.

15. Plaintiff did not attend military drills on November 4 and 5, 2016 due to personal reasons. However, Plaintiff made up the military drills on November 4 and 5, 2016.

16. On January 3, 2017, Plaintiff submitted a notice of absence ("NOA") slip requesting to be excused on January 6 and 7, 2017 for a military drill weekend. Plaintiff requested to use accumulated holiday time in his NOA slip dated January 3, 2017. Plaintiff's NOA slip dated January 3, 2017 was approved.

17. Plaintiff did not attend military drills on January 6 and 7, 2017 due to personal reasons. However, Plaintiff made up the military drills on January 6 and 7, 2017.

18. On March 28, 2017, Plaintiff submitted a notice of absence ("NOA") slip requesting to be excused on March 31 and April 1, 2017 for a military drill weekend. Plaintiff requested to use accumulated holiday time in his NOA slip dated March 28, 2017. Plaintiff's NOA slip dated March 28, 2017 was approved.

19. Plaintiff did not attend military drills on March 31 and April 1, 2017 due to personal reasons. However, Plaintiff made up the military drills on March 31 and April 1, 2017.

20. On June 22-24, 2017, June 27, 2017, and July 5, 2017 Plaintiff was absent from work due to a family medical emergency and death in his family. Plaintiff called in to work on these days and requested to use leave under the Family Medical Leave Act. Defendant informed Plaintiff that did not have sufficient sick time to cover these absences and thus he requested to use alternate time.

21. Plaintiff's request to use FMLA and alternate time for the medical emergency and death in his family was denied. Thus Plaintiff was docked five (5) days of unexcused absences.

22. On July 13, 2017, Plaintiff was referred to the Warden for a hearing before the Employee Review Board based on unauthorized absences.

23. On August 16, 2017, a hearing was held at the Employee Review Board regarding Plaintiff's alleged unauthorized absences. As a result of the hearing held on August 16, 2017, Plaintiff was discharged from the IDOC.

24. The reason for Plaintiff's discharge was for failing to attend military drill weekends when he was approved off for military duty and unauthorized absences.

25. Defendant's reason of terminating Plaintiff for unauthorized absences and failing to attend military drill weekends when he was approved off for military duty is false and merely pretext for illegal discrimination. Plaintiff made-up the majority of his military drill weekends and had vacation time, comp time, holiday time or time available to him. Further, Defendant denied Plaintiff the use of FMLA time for a family illness and death in his family.

26. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

27. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR**
**DISCRIMINATION IN VIOLATION OF USERRA**

28. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

29. Plaintiff is a veteran of the Illinois Air National Guard.

30. Plaintiff was qualified for the job he held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

31. Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because of his membership in the Illinois Air National Guard.

32. Defendant's discrimination against Plaintiff was intentional.

33. Defendant discriminated against Plaintiff in the terms and conditions of employment in that he was denied the opportunity to use his military weekend days and terminated.

34. Similarly situated employees were not subjected to the same terms and conditions of employment as was Plaintiff.

35. Defendant's reason for terminating his employment is false and merely pretext for illegal discrimination.

36. Defendant's actions, as described above, are in violation of USERRA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his military status.

37. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted

his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**COUNT II**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT –**
**INTERFERENCE/ENTITLEMENT**

38. Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as though fully set forth at this place.

39. Under the FMLA, Plaintiff was entitled to twelve workweeks of unpaid leave during any twelve-month period for his own serious medical condition or the serious medical condition of a family member if he had worked at least 1,250 hours for at least 12 months with Defendant.

40. Plaintiff met the qualifications as described in the preceding paragraph. As of the date Plaintiff's requested leave was to commence, he had worked for Defendant for more than twelve months, worked more than 1,250 hours in the last twelve months for Defendant, and was in need of leave to care for his own serious medical condition.

41. Plaintiff was entitled to all statutorily guaranteed twelve weeks of FMLA leave as of the date Plaintiff's requested leave was to commence.

42. While employed by Defendant, Plaintiff met all of Defendant's legitimate expectations.

43. Plaintiff was not a key employee, as that term is defined by the FMLA.

44. By denying Plaintiff's FMLA request and/or by preventing Plaintiff from taking his statutorily guaranteed leave, Defendant interfered with Plaintiff's statutory entitlement.

45. Defendant's actions, as described above, were willful and/or non-willful.

46. Defendant's actions, as described above, constitute a violation of the Family and Medical Leave Act ("FMLA") and resulted in Plaintiff's termination.

47. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has caused emotional distress, lost wages and benefits, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ben Emmole, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:     s/ Jonathan R. Ksiazek
                  Jonathan R. Ksiazek
                  ED FOX & ASSOCIATES, LTD.
                  Attorneys for Plaintiff
                  300 West Adams, Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  jksiazek@efox-law.com